IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WESLEY J. TURNER,                          )
                                           )
                    Plaintiff,             )               8:09CV116
                                           )
        v.                                 )
                                           )
MICHAEL J. ASTRUE, Commissioner            )          MEMORANDUM AND ORDER
of the Social Security Administration,     )
                                           )
                    Defendant.             )
_____        )

        This is an action for judicial review of a final decision of the Commissioner of the

Social Security Administration ("Commissioner").  Plaintiff appeals a final determination of

the Commissioner denying his application for Social Security benefits.  This Court has

jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).  On August 26, 2004, plaintiff filed

an application for Social Security Income ("SSI"), alleging disability beginning February 17,

2004.  Social Security Transcript ("Tr."), Filing Nos. 13 and 14.  The Commissioner denied

plaintiff's claims, initially, as well as upon reconsideration.  The ALJ denied plaintiff's claim

on May 15, 2007.  On October 31, 2006, plaintiff, vocational expert Gail Lenhardt, and

medical expert Alex Morris, M.D., appeared and testified at a hearing before an

Administrative Law Judge ("ALJ").  Plaintiff's attorney also appeared at the hearing.  The

ALJ found that plaintiff can perform a limited range of sedentary, unskilled work in such

jobs as a production assembler and hand packager.  Plaintiff filed a request for review of

the ALJ's decision before the Social Security Appeals Council ("Appeals Council") on May

31, 2007.  On March 3, 2009, the Appeals Council granted a partially favorable decision.

The Appeals Council agreed with the ALJ's finding that plaintiff was not disabled prior to

1

April 18, 2007, but found that Rule 201.09, Table No. 1 of 20, C.F.R. part 404, Subpart P, Appendix 2 required a finding of disability when plaintiff became 50 years old on April 18, 2007.  Plaintiff does not disagree with the finding in his favor post April 18, 2007.  However, he does dispute that part of the decision finding him ineligible prior to that date.  Plaintiff filed this action in the United States District Court for the District of Nebraska.

### STANDARD OF REVIEW

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering . . . his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 432(d)(2)(A).

An ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience.  *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984).  If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience. *See Braswell*, 733 F.2d at 533.  If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove,

> first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy.  *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).  A claimant's residual functional capacity is a medical question.  *See id*. at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

Residual Functional Capacity (RFC) is defined as the claimant's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, i.e., eight hours a day, five days a week, or an equivalent work schedule. Soc. Sec. Rul. 96-8p.  RFC is what an individual can still do despite his impairments and the resulting limitations.  While the RFC is a medical question, *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000), RFC is not based solely on "medical" evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (holding that the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including medical records, observations of treating physicians and others, and an individual's own description of the limitations).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995).  Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole.  *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*,

3

921 F.2d 816, 818 (8th Cir.1990).  "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision." *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the district court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  If the district court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

## BACKGROUND

Plaintiff has a limited education, having only graduated from the eighth grade, although there are statements in the record that plaintiff may have obtained a GED.  In addition, plaintiff has no history of past relevant work.  Plaintiff suffers from a seizure disorder, osteoarthritis, leg pain, depression, mild cognitive disorder, reactive airway disease, irritable bowel syndrome, reflex process, hepatitis C, heptaomegaly, history of ventral hernia, cholilithiasis, pancytopenia, chronic obstructive pulmonary disease and cirrhosis.  Tr. at 36-37.  At least one doctor diagnosed him with bipolar disorder in 2004.  Tr. 810, 812.  Plaintiff has also been diagnosed with atelectasis and liver issues.  Further, there is evidence in the record of a severe anti-social personality disorder.  Plaintiff also took the following medications: Dilantin, Trazadone, Seroquel, Zoloft and Lexapro.  Tr. 177

4

and 929.  Plaintiff agrees with the ALJ that none of these impairments meets or equals the listings of impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix I.

Plaintiff disagrees with the ALJ's failure to consider his mental and emotional problems as well as his allegations of pain.  Plaintiff contends that he has rapid mood changes, cannot accept authority, cannot adjust to people, is paranoid, yells, and fights when under stress.  Although an alcoholic over the years, it appears that plaintiff has remained sober since 2003, and yet continues to have severe mental and emotional problems.  Tr. 69-74.

**DISCUSSION**

**A.  TREATING PHYSICIAN**

Error exists when an ALJ fails to consider or discuss a treating physician's opinion that a claimant is disabled when the record contains no contradictory medical opinion. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).  "[A] treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Prosch v. Apfel*, 201 F.3d 1010, 1012-1013 (8th Cir. 2000) (quoting 20 C.F.R. § 404.1527(d)(2) (2006)).  The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.  *Hogan*, 239 F.3d at 961. An ALJ cannot substitute his opinion for the medical opinions.  *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

5

The plaintiff argues that the ALJ erred in failing to give sufficient credibility to the treating physicians. The ALJ determined that "there is little evidence of extreme behavioral problems during the relevant period at issue." Tr. 44. Plaintiff argues that this finding is not supported by substantial evidence. Joyce Sassee, MS, APRN, CARN, conducted a psychiatric evaluation in 2003 when plaintiff entered Omaha Campus for Hope for his alcohol addiction. She noted his unemployment and homelessness for the last 14-15 years, Tr. 775, as well as his attendance in reform school by age 11, Tr. 777. Ms. Sasse diagnosed him with "major depression recurrent, R/O alcohol induced mood disorder, alcohol dependence, drug abuse by HX. Antisocial personality disorder (meets all criteria)" and gave him a GAF score of 40. Tr. 780.[1] Dr. Christopher Strunk gave plaintiff a similar diagnosis in 2004 and a GAF score of 50. Tr. 979. Also in 2004, Steven McAfee, plaintiff's homeless specialist, stated that plaintiff cannot follow instructions and has a social dysfunction and could not function in a group setting. Tr. 973. His addiction counselor stated in 2004 that plaintiff lacks the cognitive skills necessary to pass a driving test or to understand the need to pay his bills and is unable to control his anxiety. Tr. 175-78. Michael Streeter, APRN, has prescribed medications and psychotherapy to plaintiff since April, 2005. Mr. Streeter found plaintiff's GAF score to be 60. Dr. Wetzel, a psychiatrist,

---

[1]The Global Assessment of Functioning (GAF) Scale is a rating system for reporting the clinician's judgment of the individual's overall level of functioning, not including impairments due to physical or environmental limitations. American Psychiatric Association *Diagnostic and Statistical Manual of Mental Disorders,* Fourth Edition, Text Revision (DSM-IV-TR) 32-34 (4th ed. 2000). A GAF of 50 or lower indicates "serious symptoms (e.g., suicidal ideation, severe obsession rituals, frequent shoplifting) or any serious impairment in social occupational or school functioning (e.g., no friends, inability to keep job)". *Id.* at 34. A GAF of 51 through 60 is characterized by moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). *Id.*

and Mr. Streeter, further found that plaintiff had marked or extreme limitations in eleven areas of work-related functioning, including ability to: follow work rules; relate to co-workers, deal with the public; interact with supervisors; deal with work stresses; maintain attention/concentration; understand, remember and carry out complex job instructions; understand, remember and carry out detailed, but not complex job instructions; behave in an emotionally stable manner; relate predictably in social situations; and demonstrate reliability.  Tr. at 1162-1168.  Dr. Sidney Kauzlarich, a psychiatrist, diagnosed plaintiff with a depressive disorder and an antisocial personality disorder and gave him a GAF of 55.

Plaintiff testified that he could not lift or hold more than 8 pounds in either hand; stand more than 17 minutes; grab his hands for use for more than 10 minutes; walk more than 2 blocks because of shortness of breath; or climb more than 14 stairs without resting.  Tr. 77-80.  Plaintiff also had a nebulizer machine and inhalers for his lung issues.  Dr. Morris Alex disagreed with plaintiff's complaints of shortness of breath and inability to walk or lift.  Tr. 101 and 98.  In 2004, the state agency physician, Dr. Glen Knosp, assessed plaintiff's RFC and determined that plaintiff could lift 25 pounds frequently and fifty pounds occasionally and could sit and stand and walk for six to eight hours per day.  Dr. Steven Wees, M.D., noted that plaintiff's joints had mild osteoarthritis in his fingers and ankles, and he had some edema in his lower extremities, Tr. 1157, as well as mildly decreased cervical spine range of motion.  Tr. 1158.

The ALJ determined that there was not objective evidence to support plaintiff's complaints of pain and mood changes.  The ALJ also found plaintiff's examples of violent behavior to be outside of the relevant period, and thus he discredited them.

The medical expert agreed with Mr. Streeter that plaintiff's limitations would increase

when placed under stress.  Tr. 105.  Moreover, plaintiff argues that Mr. Streeter's opinion about the plaintiff's mental limitations is supported by Dr. Strunk, Tr. 979, Ms. Sasse, Tr. 780, Mr. McAfee, Tr. 973, and Dr. Kauzlarich, Tr. 1002.  Consequently, plaintiff argues that the ALJ erred in omitting this marked impairment in the RFC presented to the VE, because by doing so the ALJ ignored substantial evidence including: an assessment in 2004 that plaintiff has a "hair trigger temper" and unexplained and frequent outbursts, Tr. 978-79; that according to the plaintiff he had slapped two men in 2006, Tr. 85-86, and another man in 2005, Tr. 1174; and evidence of bar fights and other altercations, Tr. 368, 634, 619, 556, 537-38, 529, 784, 905 and 920.  The ALJ failed to note and credit these subjective complaints which plaintiff contends are supported by substantial medical evidence.

Barbara Schuett, M.A., a clinical psychologist medical examiner, evaluated plaintiff in late 2004.  Tr. 1087-94.  She concluded that plaintiff had no difficulties with social functioning and could relate to coworkers.  Tr. 1091-92.  She also estimated plaintiff's GAF score to be between 60 and 70.  Tr. 1092.  Rebecca Braymen, Ph.D., a state agency psychologist, opined that plaintiff's psychiatric impairments were not severe with medication.  Tr. 284; 314.

The ALJ determined that Mr. Streeter's opinion should be discounted, because it was not consistent with his own treatment records and also because Mr. Streeter is not an acceptable medical source.  *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006); 20 C.F.R. § § 404.1513(d)(1), 416.913(d)(1).

The Court notes that while it is true that the opinions of nurse practitioners are not "acceptable medical sources" in terms of controlling weight, the Court can look at the opinions of Mr. Streeter and others who treated plaintiff as evidence in support of his claim.

8

*Lacroix*, 465 F.3d at 887.  The opinions of other medical professionals, though not "treating sources" as defined in the regulations, can be afforded treating source status if associated with a physician, psychologist, or other acceptable medical source as part of a team approach to treatment.  *See Shontos v. Barnhart,* 328 F.3d 418, 426 (8th Cir. 2003) (giving treating source status to the group of medical professionals, including therapists and nurse practitioners who worked with claimant's psychologist, where the treatment center used a team approach).  The Court finds the ALJ did not give sufficient weight to the treating physicians as supported by the evidence and as documented by other professionals.  Plaintiff has serious social and mental health issues which are objectively supported by Drs. Strunk and Kauzlarich, as well as the other providers, including Mr. Streeter,  Mr. McAffee and Ms. Sasse, as previously discussed herein.  In addition, his treating physicians document a number of physical ailments.  Accordingly, the Court finds the ALJ erred in not according more weight to the treating physicians and care givers in this case.

### B.  SUBJECTIVE COMPLAINTS

The standard, in the Eighth Circuit, for evaluating a claimant's subjective complaints of pain in Social Security cases is *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).  According to the Eighth Circuit, an ALJ may not disregard a plaintiff's subjective complaints solely because the objective medical evidence does not fully support them:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters

as:

> 1.    the claimant's daily activities;
>
> 2.    the duration, frequency and intensity of the pain;
>
> 3.    precipitating and aggravating factors;
>
> 4.    dosage, effectiveness and side effects of medication;
>
> 5.    functional restrictions.

> The [ALJ] is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the record as a whole.

Id. at 1322 (emphasis in original).   "Pain is recognized as disabling when it is not remediable and precludes a claimant from engaging in any form of substantial gainful activity. . . .  The mere fact that working may cause pain or discomfort does not mandate a finding of disability."  *Cruse v. Bowen*, 867 F.2d 1183, 1183 (8th Cir. 1989) (citations omitted).

"While the ALJ may not discount a social security disability claimant's complaints solely because they are not fully supported by objective medical evidence, a claimant's complaints may be discounted based on the inconsistencies in the record as a whole."  *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005).  "Allegations of disabling pain made by claimant seeking social security disability benefits may be discredited by evidence that claimant has received minimum medical treatment and/or has taken only occasional pain medication."  *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998).  In addition, "[t]he determination of mental RFC is crucial to the evaluation of an individual's capacity to engage in substantial gainful work activity."  20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00A.

10

The Court finds that the subjective complaints of pain are well documented throughout the objective record.   More importantly, as discussed in the previous section, plaintiff's treating physicans and caregivers clearly document a history of mental health issues.   So, while the ALJ may have been entitled to somewhat discount plaintiff's allegations of severe pain, there is clearly substantial support for the allegations of some pain and of significant mental health issues.   Accordingly, the Court finds that there is substantial evidence to support plaintiff's allegations of pain as well as his mental health issues.

### C. VOCATIONAL EXPERT

To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with RFC similar to that of the claimant.   A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ."  *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)).   "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes [sic] substantial evidence only where such questions precisely set forth *all* of the claimant's physical and mental impairments." *Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (emphasis in original) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983)).   Courts apply a harmless error analysis during  judicial review of administrative decisions that are based, in parat, on hypothetical questions.  For judicial review of the denial of Social Security benefits, an

11

error is harmless when the outcome of the case would be unchanged even if the error had not occurred.  *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003).

The plaintiff argues there is not substantial evidence to support an ALJ finding that a significant number of jobs exist for him.  Plaintiff contends that (1) the small number of jobs cannot be considered significant, and (2) the ALJ failed to include his mental and personality limitations in that hypothetical, particularly given his doctor's recommendation that plaintiff should not be around a lot of people. Plaintiff's counsel asked the VE if it was possible for plaintiff to find a job, given all of plaintiff's claimed ailments, particularly his problem with social dysfunction.   The VE answered, "possibly not."  Tr. 116-117.  The VE further stated that if plaintiff's testimony regarding his social inabilities were credited, there would be no jobs he could perform.   Tr. 117.   According to plaintiff, the ALJ failed to consider evidence wherein the vocational expert, when asked to include these impairments on cross examination, agreed that plaintiff could not perform substantial gainful work.

Plaintiff argues that the lowest number of jobs a Court can find as significant in the claimant's home state is 500, arguing that is an insufficient number of jobs.  *Jones v. Chater*, 72 F.3d 81 (8th Cir. 1995).  Plaintiff argues that this amounts to about .0002 of the total jobs in Nebraska and contends that this number is not  significant.  The Commissioner disagrees with this calculation, finding it is .0388% of total jobs in Nebraska, and further argues that such numbers must be viewed at the national, not local, level.   The Court need not address this issue, however, as there is substantial evidence to find the plaintiff disabled based on the record in this case.

The Court finds the hypotheticals posed by the ALJ to the VE failed to include plaintiff's mental health limitations.   The record clearly supports plaintiff's personality and

12

mental disorders and his inability to deal with people.  Because a VE's testimony may be considered substantial evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies," the Court finds that the VE's testimony was not substantial evidence.  *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (citing *Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997); *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)),

Thus, because the record presented to the ALJ contains substantial evidence supporting a finding of disability, when the physical and mental aliments are viewed in combination, the Court may reverse the decision of the ALJ and grant benefits to the claimant.  *See Parsons v. Heckler,* 739 F.2d 1334, 1341 (8th Cir. 1984).  "Where the record overwhelmingly supports a disability finding and remand would merely delay the receipt of benefits to which plaintiff is entitled, reversal is appropriate." *Thompson v. Sullivan,* 957 F.2d 611, 614 (8th Cir. 1992).  In this case, the substantial evidence supporting a finding of disability is overwhelming.  Under the circumstances, further hearings would merely delay benefits; accordingly, an order granting benefits is appropriate.  *Id.*

THEREFORE, IT IS ORDERED that the decision of the Commissioner is reversed, and benefits are awarded to the plaintiff.  This case is remanded for consideration of the amount of benefits payable to the plaintiff.  Plaintiff has thirty days from the date of this order to file for attorney fees.  The Commissioner has  thirty days thereafter to respond to plaintiff's request.  A final judgment will be entered in this case in conjunction with this

memorandum and order.

DATED this 21st  day of December, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge

.

14