IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WESLEY J. TURNER, | ) | CASE NO. 8:09CV116 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 29). The motion is supported by a brief (Filing No. 31) and evidence (Filing No. 30). The Defendant responded (Filing No. 32).

## FACTUAL BACKGROUND

On August 26, 2004, Plaintiff filed applications for social security disability benefits under Titles II and XVI of the Social Security Act. The claims were denied at all administrative levels. On May 31, 2007, Plaintiff filed a new application for benefits that the Commissioner granted based on a finding that Plaintiff became disabled on April 18, 2007, when he became 50 years old. The Appeals Council issued a partially favorable decision that Plaintiff became disabled on April 18, 2007.

Plaintiff retained a new attorney, signed a new retainer agreement[1] and, on April 1, 2009, filed the instant action seeking a reversal of the decision insofar as it denies his disability claim for the period of time between February 17, 2004, through April 18, 2007. (Filing No. 1.) Chief U.S. District Judge Joseph Bataillon reversed the Commissioner's

---

[1] The newly signed retainer agreement provided for additional attorney fees in the amount of 25% of any past due benefits recovered for the earlier time period.

decision and awarded benefits for the time period in question.  (Filing No. 21.)  Judge Bataillon then granted Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $1,923.37.  (Filing No. 27.)

Plaintiff now seeks $4,888.75[2] in attorney fees under 42 U.S.C. § 406(b).  The parties agree that if the § 406(b) award is made, the EAJA fee award must be refunded to the Plaintiff.

## DISCUSSION

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

EAJA fees are paid by the Social Security Administration, while fees awarded under § 406(b) are paid from the Claimant's past-due benefits.  *Id.*; *Bear v. Astrue,* 544 F. Supp. 2d 881, 883 (D. Neb.  2008).  When a claimant receives awards under both the EAJA and § 406(b), the claimant's attorney must refund the smaller award to the claimant. *Bear,* 544 F. Supp. 2d at 884-85.  In determining whether a requested fee under § 406(b) is

---

[2] Plaintiff's motion reflects a request for $7,822.00.  However, the Commissioner's response represents that the parties agree on the $4,888.75 amount after discussing Plaintiff's mathematical error that resulted in the request for the higher amount.

2

"reasonable," a court must consider factors including: the "'character of the representation and the results the representation achieved.'" *Id.* at 884 (quoting *Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002)).

Considering the applicable factors, the Court finds that Plaintiff's counsel is very experienced, having represented claimants in approximately 28 social security cases in this Court. The quality of the attorney's work is very good. In this case, the attorney obtained a reversal and an award of benefits.

IT IS ORDERED:

1.     The Plaintiff's amended motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 29) is granted in the amount of $4888.75, which must be paid from the 25% of the Plaintiff's past-due benefits being held by the Social Security Administration for direct payment to counsel for an authorized attorney fee; and

2.     Plaintiff's counsel must refund the Plaintiff $1,923.37, which represents the total attorney fee previously awarded by this Court under the EAJA.

DATED this 11th day of August, 2010.

BY THE COURT


s/Laurie Smith Camp
United States District Judge